[Civ. No. 9774.   First Appellate District, Division Two.—February 18, 1936.]

CHARLES E. FOYE et al., Appellants, v. BOARD OF TRADE OF SAN FRANCISCO (a Corporation) et al., Respondents.

Livingston & Livingston for Appellants.

Grant H. Wren and Norman A. Eisner for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendant on a common count for moneys had and received for the use of plaintiffs. After the cause had been fully tried the trial court made findings in favor of the defendant and from the judgment entered thereon the plaintiffs have appealed. Prior to July 5, 1933, Joseph Rosenberg and Isidore Rosenberg, under the fictitious name of California Restaurants Co., had been conducting that certain restaurant known as Taits at 24 Ellis Street, San Francisco. The building is owned by the plaintiffs. The latter held a chattel mortgage on the furnishings. The Rosenbergs became seriously involved financially and owed large sums to numerous creditors for merchandise, numerous employees for services rendered, and the Mullen Manufacturing Company for the balance due on a conditional sales contract. An oral agreement was made by the terms of which the plaintiffs agreed to advance $4,047 for the payment of the debts of the Rosenbergs and the latter agreed to surrender immediate possession of the premises to the plaintiffs or their assigns. The record does not disclose any written instrument which purports to state the agreement above referred to, however, the plaintiffs place much reliance on a document executed by the defendant board which is in words and figures as follows, to wit:

"Received of Charles E. Foye and Vera M. Brady the sum of Four Thousand Forty-Seven Dollars ($4047.00). Of said amount Seven Hundred Ninety-Six and 06/100 Dollars ($796.-06) was paid on June 28, 1933, and receipt was issued therefor. The balance of said sum, towit, Three Thousand Two Hundred Fifty and 94/100 Dollars ($3250.94) is being paid contemporaneously with the execution of this agreement.

"Said money has been or shall be used, first, to pay duly established labor claims of employees of California Restaurants Co., Taits, Joey Rosenberg, Joseph Rosenberg and/or Isidore Rosenberg in connection with the enterprise heretofore conducted at 24–26–28 Ellis street, San Francisco.

The balance of said sum shall be used to pay creditors of said enterprise *pro rata*. Any and all of said payments shall be made upon the following conditions:

"First: that labor claims shall be paid in full upon execution of the receipts hereinafter provided for.

"Second: that fifty per cent (50%) of the amount due Mullen Manufacturing Company on a conditional sales contract approximating Five Hundred and Fifty Dollars ($550.00) shall be forthwith paid to said corporation upon the execution of the document hereinafter provided for.

"Third: the balance shall be distributed *pro rata* to all of the creditors of said enterprise upon execution of the document hereinafter described.

"The documents described in the paragraphs first, second and third above shall include a receipt and release in full of any claims and demands of any kind or character addressed to Charles E. Foye, Vera M. Brady, William O'Hare and the partnership of Livingston & Livingston and the members thereof, and shall also include a relinquishment of any and all interest in and to any property located at the above address at any time whether as creditor or in any other capacity, and a consent to and acquiescence in the sale of said property by Joseph Rosenberg to William O'Hare, and a waiver of any and all right to proceed against said property by attachment, execution or any other type of claim for any cause or in any manner.

"*Any money not so distributed within two months from date hereof shall be repaid to Charles E. Foye and Vera M. Brady and to Livingston & Livingston, their attorneys.*

"In the event that any of the parties to whom said receipts and releases are to run shall be indebted to any creditor above mentioned on account of any transaction totally disconnected from any enterprise connected with the business at 24–26–28 Ellis street, San Francisco, then any such receipt or release may specifically exclude such other indebtedness from its operation.

"Dated: July 5, 1933.

"Board of Trade of San Francisco
    "By Grant H. Wren,
            "Its Attorney
    "By J. M. Connor."

(Italics ours.) The plaintiffs call attention to the italicized paragraph and to the fact that the evidence discloses that the money was not distributed within two months, nor within the period of the lawful extension given therefor, and thereupon they assert that *ipso facto* they were entitled to the return of the $2,392.11, that being the balance of the funds held by the defendant at the time this action was commenced. The defendant board replies that the plaintiffs were not entitled to be paid any part of said sum because on said date the creditors, one and all, had executed, and the defendant held releases from each and every one of the creditors as provided in said receipt. The plaintiffs reply that the releases were informal and many of them on their face did not show that the signer was authorized to execute the release signed by him, and, furthermore, that under the terms of the instrument hereinabove set forth the plaintiffs were entitled to the moneys which they claimed because the uncontroverted fact was that such moneys had not been ''distributed'' as provided in said instrument.

Taking up the claim to be repaid all that portion of the funds not ''distributed'' on the date the action was commenced, we think it is quite clear that it may not be sustained. The paper dated July 5, 1933, was but a formal receipt. By its terms the defendant received from the plaintiffs certain moneys for the benefit of a large number of third parties. The latter had executed documents which at least purported to be releases. By so doing they executed at least purported acceptances of the agreement made in their behalf. Indeed, the plaintiffs did not even question the validity of the releases executed by the former employees. All of those claims have been paid. Neither did they question some of the other releases, one of which was the claim of Mullen Manufacturing Company which has been paid. However, they strenuously questioned some of them, and assert that the contract directly authorized the plaintiffs to receive back their moneys on a date certain, if such moneys had not been distributed. If the fact were that instead of some of the releases being altogether formal and sufficient, all of them had been entirely sufficient and nevertheless the defendant had not distributed the fund, we think it is clear that the plaintiffs would hardly make the claim which they are now making. In other words, the omission or neglect of the defendant to pay over the

moneys under such circumstances could not be considered under the terms of the contract a termination of the rights of the creditors, and the latter could have maintained against the defendant an action as for moneys had and received.

■ We come now to a consideration of the claim that the signatures to certain releases were so informal as not to comply with the provisions of the document signed by the defendant. The document does not contain any particular provision as to what evidence should be tendered the defendant showing the authority of any person or persons to sign the name of any one of the creditors. As hereinabove recited it is a conceded fact that a purported release was tendered by each and every creditor. As each release was tendered, having attached thereto the name of the creditor and the signature of the individual signing the creditor's name, it will be presumed that the ordinary course of business has been followed. (Code Civ. Proc., sec. 1963, subd. 20.) The authenticity of that signature was addressed to the defendant (21 C. J. 878, 879; *Henderson* v. *Johns*, 13 Colo. 280 [22 Pac. 461, 463].) ■ No evidence was produced that any certain release was not duly authorized. The plaintiffs contend no duty rested on them to make such proof. In making that contention we think they are mistaken. In pleading a common count they did not escape any burden of proof which would have rested on them had they pleaded the facts. If they had pleaded the facts it is clear they would have been called upon to prove that at least some of the creditors did not tender the releases mentioned and that the fund had not been distributed and that the plaintiffs were entitled to recover the fund. In other words, certain negative allegations would have been material elements in their cause of action. Under those circumstances it is statutory that the plaintiffs would be bound to prove such negatives. (Code Civ. Proc., sec. 1869.) That burden was not avoided by the form of pleading adopted by the plaintiffs.

Both in the trial court and in this court much was said to the effect that the defendant did not collect any sum from the Rosenbergs. That fact is wholly immaterial in this case. Under the terms of the instrument hereinabove set forth the defendant did not contract to make any such collections.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.